**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

K.D.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

**Civil Action No. 24-8099 (SRC)**

**OPINION**

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff K.D. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability benefits, alleging disability beginning January 1, 2017. A hearing was held before ALJ Beth Shillin (the "ALJ") on March 21, 2023, and the ALJ issued an unfavorable decision on May 10, 2023, finding that Plaintiff had not been disabled during the period in question. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of May 10, 2023, the ALJ found that, at step three, Plaintiff did not meet

or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform work at all exertional levels, with certain exertional and nonexertional limitations. At step four, the ALJ also found that Plaintiff is unable to perform any past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on four grounds: 1) the ALJ did not properly address substance abuse; 2) at step three, the ALJ's determination that Plaintiff does not meet the requirements of any Listing is not supported by substantial evidence; 3) the residual functional capacity determination at step four is not supported by substantial evidence and 4) at step five, the determination that there are other jobs in the national economy that Plaintiff can perform is not supported by substantial evidence.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of

a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, he might have proven his disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.

Plaintiff's arguments on appeal all fail under Shinseki because, while Plaintiff may be correct that the ALJ erred, Plaintiff has not satisfied Shinseki's requirement that she must show that any error was harmful. In short, Plaintiff has not pointed to evidence that might have demonstrated that she has greater limitations to her residual functional capacity than those found by the ALJ at step four. As the ALJ explained – and Plaintiff has not disputed this – the medical opinions in the record all found Plaintiff to be *less* limited in her residual functional capacity than did the ALJ. (Tr. 53.) Both agency reviewing physicians found no substantial limitation to Plaintiff's residual functional capacity. (Tr. 53.) Plaintiff has not pointed to medical evidence of record that demonstrates that her residual functional capacity is more limited than that found by the ALJ. There is no basis for the Court to find that Plaintiff was harmed by any errors. Plaintiff has failed to carry the burden of proof of harm required by Shinseki.

The Court will briefly address Plaintiff's four arguments of error. As to the first argument, regarding issues of substance abuse, as the Commissioner points out in opposition, SSR 13-2p states that, if the claimant is determined to be not disabled, the ALJ does not need to

determine the materiality of any substance abuse disorder. The ALJ determined that Plaintiff did not meet the criteria for disability under the Act and so, under SSR 13-2p, the ALJ was not required to further address substance abuse issues. As to the second argument about step three, Plaintiff does not contend that specific evidence of record supports a finding that Plaintiff meets the requirements of a specific Listing. Again, as a result, Plaintiff has not shown that she was harmed by any error at step three. The same is true for Plaintiff's argument about step four: as already explained, Plaintiff has not pointed out evidence of record that would support finding a more limited residual functional capacity; as a result, Plaintiff has failed to show that any error was harmful. As to the argument about step five, this argument only restates the challenge to the residual functional capacity determination at step four, which does not succeed.

Plaintiff has failed to persuade this Court that Plaintiff was harmed by any errors; under Shinseki, Plaintiff has failed to carry her burden of proof that she was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: July 31, 2025